ON REHEARING
BOWEN W. SIMMONS, Retired Circuit Judge.
We omitted to note that in response to the court’s question, supra:
“You are saying it is all right with you to continue these deliberations with eleven jurors?”
The defendant answered, “Yes, sir.”
Appellant asserts that Ex parte Bynum, 294 Ala. 78, 312 So.2d 52, did not “eliminate *1371 the classification, whereby crimes are categorized as capital for purposes other than punishment.” Hence, appellant contends that the classification still obtained when defendant consented to be tried by eleven jurors instead of a constitutional jury of twelve persons. He asserts that his consent to be tried in a capital case was without authority of the law and he could not consent in view of the classification of the offense.
This court in Fisher v. State, 57 Ala.App. 310, 328 So.2d 311, cert. den., 295 Ala. 401, 328 So.2d 311, observed:

“Contrary to the broad language employed by the Supreme Court in Bynum, we are of the opinion that the Court was addressing itself solely to the question of bail. The purpose for a special venire in ‘capital cases’ was to give a defendant, on trial for his life, an additional safeguard not given to those where only their liberty was at stake. At the time Act No. 532, supra, and T. 30, § 63, Code of Alabama 1940, were enacted, the only distinction between ‘capital’ and ‘non-capital’ cases was the possible imposition of the death penalty. Since the imposition of the death penalty had been suspended, there is no rational justification for a special venire in a case formerly classified as ‘capital’ where the maximum punishment is now the same as in a ‘non-capital’ case.
“Should the legislature ever enact a death penalty statute which meets all the constitutional tests for validity, then such special venire statutes would again become applicable, in our opinion. We do not believe the Alabama Supreme Court intended that its reasoning in the Bynum decision should be extended to require a special venire in cases where the death penalty cannot be imposed.”
In the instant case, the imposition of the death penalty did not apply and had been suspended. We hold that Bynum, supra, does not apply to appellant’s contention of error.
OPINION EXTENDED.
APPLICATION FOR REHEARING OVERRULED.
All the Judges concur.